

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 699 | **DATE** | 7/20/2001 |
| **CASE TITLE** | Kenneth Bockwoldt, Jr. Vs. Officer Daniel J. Cheney | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motions in limine as to 27-1, 27-6, are granted in part and denied in part. Defendant's motions in limine as 27-2, 27-3, 27-4, 27-7, and 27-8 are denied. Defendant's motion in limine as to 27-5 is granted. Plaintiff's motions in limine as to 28-1, 28-2, and 28-3 are denied. Plaintiff's motions in limine as to 28-4 and 28-5 are granted. Plaintiff's motion in limine as to 28-6 is granted in part and denied in part. Status hearing set for August 8, 2001 at 9:45am. Trial reset to August 29, 2001 at 10:00am. Status hearing set for 8/23/01 at 9:45am. is stricken. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 23 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 39 |
| | Mail A 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL 20 PM 4: 20 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH BOCKWOLDT, JR., )
)
    Plaintiff, )
)
vs. ) No. 98 C 699
)
OFFICER DANIEL J. CHENEY, )
individually, )
)
    Defendant. )

DOCKETED
JUL 2 3 2001

## MEMORANDUM OPINION AND ORDER

Both plaintiff and defendant have filed numerous motions in limine. Because the information respecting some of them is somewhat limited, our rulings are somewhat tentative. For now, though, we rule as follows.

Plaintiff's motions:

1. Plaintiff moves to exclude any criminal arrest record and any evidence of irrelevant conduct. Defendant seeks only to present evidence of the arrest leading to the detention and the conduct related to the relevant incident. That he can do, but only that, as those events are part of the scenario the jury should know in order to understand how this all came about.

2. Plaintiff moves to exclude witnesses and exhibits not properly disclosed or identified during discovery. That is denied as unnecessary. Local rules restrict evidence, for both parties, to that which has been specified in the Final Pretrial Order.

3. Plaintiff moves to exclude various documents relating to his arrest and detention. Defendant seeks only the admission of log entries from the Maywood lockup. These may well be business records made and kept in the ordinary course. Their admissibility will require a proper foundation.

4. Plaintiff moves to exclude any evidence that defendant could lose his job if found guilty. That motion is granted. Such evidence would open up a wholly different disputed issue of, at best, marginal relevancy. This ruling might be subject to reconsideration if plaintiff sought to emphasize salary as a basis for a punitive damages amount and if defendant could make a reasonable showing that his job was forfeit.

5. Plaintiff moves to exclude testimony or evidence of prior or subsequent injuries. We are not advised whether or not there is any such evidence. We cannot determine whether there is any relevant evidence without knowing more. For example, if medical records established that plaintiff had herniated disks prior to September 1997, that would appear to be relevant evidence; that he fractured his arm when he was seven, clearly is not. But apparently there is no such relevant evidence, as none has turned up yet, and discovery is closed.

6. Plaintiff moves to exclude any reference to plaintiff being intoxicated. We agree that there appears to be no basis for testimony that plaintiff was legally intoxicated. Witnesses may, however, testify to their observations of plaintiff at the time, what they smelled and saw.

7. Later motions in limine will be entertained for good cause shown.

Defendant's motions:

1. and 7. Defendant moves to dismiss evidence of plaintiff's Social Security disability determination. That determination is not conclusive of plaintiff's condition, but it is evidence the jury may consider. *See* Lawson v. CSX Transportation, Inc., 245 F.3d 916, 927 (7th Cir. 2001). The references to cause, however, should be redacted.

2. and 5. Dr. Elmes' SSA evaluation would appear to be admissible pursuant to Rules 803(4) and (6) of the Federal Rules of Evidence. A report prepared for this litigation, however, is not admissible, although it may well be that Dr. Elmes referred to it in his deposition or will

refer to it in his testimony.

3. Defendant moves to exclude the disposition of the criminal charges. That is denied. Although not strictly relevant, that information comes in to complete the scenario for the jury. They should not be distracted by speculating about the outcome of the charges.

4. Defendant moves to exclude Fastway employment records. That motion is denied. They are necessary, or at least helpful, to prove up wage loss claims.

6. Defendant moves to exclude plaintiff's witnesses 10-14 on the ground that they are either recordkeepers or medical treaters, and the records speak for themselves. The motion is granted with respect to recordkeepers to the extent that they are being called solely to provide a foundation for the records and defendant is prepared to stipulate to that foundation. Treaters, however, of course can testify, and so can recordkeepers if their testimony is necessary to explain records when their meaning is not fully apparent.

7. Defendant moves for admission of evidence of plaintiff's "criminal history where it involves ... propensity to tell the truth." In the absence of knowing of the specific evidence to which defendant refers, we deny the motion.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

July 20, 2001.